Affirmed and Opinion filed September 21, 2006








Affirmed and Opinion filed September 21, 2006.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00455-CR

_______________

 

VALERO REFINING ‑ TEXAS L.P, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1259738

                                                                                                                                               


 

O P I N I O N

 

Appellant,
Valero Refining - Texas, L.P., pleaded no contest to the misdemeanor offense of
unauthorized discharge under section 7.147 of the Texas Water Code.  In one
issue, appellant contends that the trial court erred by failing to grant its
motion to quash the information.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4. 








I.  Background

Appellant
was charged by information with unauthorized discharge.  The language in the
information tracked the language in section 7.147 of the Texas Water Code.  The
former version of section 7.147 applicable to this case provided as follows:  

(a) A
person commits an offense if the person discharges or allows the discharge of
any waste or pollutant into any water in the state that causes or threatens to
cause water pollution unless the waste or pollutant is discharged in strict
compliance with all required permits or with a valid and currently effective
order issued or rule adopted by the appropriate regulatory agency.    

Act of June 19, 1997,
75th Leg., R.S., ch. 1072, ' 2, 1997 Tex. Gen. Laws 1876 (amended 2005) (current version
at Tex. Water Code Ann.
7.147(a)(1) (Vernon Supp. 2006)) (emphasis added).[1]

            Appellant
filed a motion to quash the information, arguing that the information failed to
Aallege in specific terms the manner
and means [appellant] acted in violation of the statute.@  In response, the State filed a
motion to amend the information to include the definition of Adischarge.@  Under the Texas Water Code,  Adischarge@ means  Ato deposit, conduct, drain, emit,
throw, run, allow to seep, or otherwise release or dispose of, or to allow,
permit, or suffer any of these acts or omissions.@  Tex.
Water Code Ann. 26.001(19) (Vernon 2000).   

The
trial court granted the State=s motion to amend and denied appellant=s motion to quash.  After amendment,
the information contained the following language: 








. . . that
in Harris County, Texas, VALERO REFINING-TEXAS L.P., hereafter styled the
Defendant, heretofore on or about SEPTEMBER 25, 2002, did then and there
unlawfully, discharge or allow the discharge of a waste or pollutant, namely,
INDUSTRIAL WASTE AND/OR OTHER WASTE AND/OR A PETROLEUM HYDROCARBON SUBSTANCE
AND/OR OIL, into water in the State, namely SIMS BAYOU AND/OR THE HOUSTON SHIP
CHANNEL, that caused or threatened to cause water pollution, said discharge not
being in strict compliance with a required permit or with a valid and currently
effective order issued or rule adopted by the appropriate regulatory agency,
namely, the Texas Commission on Environmental Quality, and the Defendant
discharged or allowed the discharge of the waste or pollutant by depositing,
draining, emitting, or otherwise releasing the waste or pollutant, and/or by
allowing the depositing of, the draining of, or the emitting of the waste or
pollutant, or by allowing the waste or pollutant to seep, or by otherwise
allowing the release of the waste or pollutant.   

(emphasis added).

            Appellant
filed a second motion to quash the amended information, claiming the
information as amended failed to provide notice sufficient to allow appellant
to prepare its defense and plead the judgment as a bar to future prosecution of
the same offense.  Appellant also claimed that the information alleged an
omission without alleging a legal duty to act.  The trial court did not rule on
appellant=s second motion to quash.  

Appellant
then filed a ASupplemental Motion to Quash and Declare Section 7.147 of the Texas Water
Code Unconstitutional as Applied to the Defendant.@ In its supplemental motion,
appellant acknowledged that the information alleged appellant did Aunlawfully, discharge or allow the
discharge of a waste or pollutant@ and conceded that the State may
plead in the alternative.  However, appellant argued that the information must
set forth facts establishing a legal duty to act Ato the extent that the State alleges
[appellant=s] offense results from some failure to act that allowed the discharge to
occur.@  








The
trial court denied appellant=s supplemental motion.  On the same day, pursuant to a plea
bargain, the State agreed to amend the information by striking the words Adischarge or.@[2]  Thus, the information after the
agreed amendment charged appellant solely with allowing the discharge of
certain wastes and pollutants.  Appellant pled nolo contendre to the information
as amended under the plea agreement, and the trial court assessed punishment at
a fine of $50,000.

II.  Discussion

In its
sole issue, Valero contends the trial court erred by denying its motion to
quash the information.  We review a trial court=s ruling on a motion to quash de
novo.  State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).  








A
criminal defendant has a constitutional right to be informed of the nature and
cause of the accusation against him.  See U.S. Const. amend. VI; Tex.
Const. art. I, ' 10.  Under the Texas Constitution, the charging instrument
must provide fair notice, in plain and intelligible language, of the act or
omission alleged.  See Tex.
Const. art. I, ' 10; Riney v. State, 28 S.W.3d 561, 565 (Tex. Crim.
App. 2000).  However, if a defendant fails to object to defects in the charging
instrument of either form or substance, he waives any error on appeal. Tex. Crim. Proc. Code Ann. 1.14(b)
(Vernon 2005); Sanchez v. State, 120 S.W.3d 359, 363B67 (Tex. Crim. App. 2003).  Because
appellant agreed to the complained-of language as a condition of its plea
bargain, its argument on appeal that the information failed to provide fair
notice appears somewhat disingenuous.  Arguably, appellant has waived any
error.  See Beebe v. State, 756 S.W.2d 759, 760B61 (Tex. App.CCorpus Christi 1988), aff=d 811 S.W.2d 604 (Tex. Crim. App. 1991) (holding
appellant failed to preserve error because he did not object to the indictment
as amended after his motion to quash); Neloms v. State, 740 S.W.2d 104,
107 (Tex. App.CAmarillo 1987, no pet.) (same).  

Appellant
apparently contends that striking the words Adischarge or@ from the information was not an
amendment but Amerely an abandonment of one of the ways and means by which the offense
could be committed.@  See Yates v. State, 766 S.W.2d 286, 290 (Tex. App.CDallas 1989, pet. ref=d); see also Eastep v. State,
941 S.W.2d 130, 133B34 (Tex. Crim. App. 1997).  Because the State abandoned the
language alleging a Adischarge,@ appellant contends it has shown its conviction rested upon
the challenged theoryCthat is, appellant was convicted solely for Aallowing@ a discharge.  See Am. Plant Food
Corp. v. State, 508 S.W.2d 598, 601 (Tex. Crim. App. 1974) (noting that
when a challenged element is listed disjunctively, appellant must Ashow that its case was tried and
submitted upon this [the challenged] theory@).  However, even assuming appellant
properly preserved error, we conclude that the trial court did not err by
denying its motion to quash.

A.        Failure to Allege an
Offense








Appellant
first claims that the State failed to allege an offense in its information. 
Appellant argues that the State charged appellant with an omission under 7.147
of the Texas Water Code when there was no concomitant statutory duty to act. 
Therefore, appellant contends the State omitted an element necessary to
constitute the offense.  See Ronk v. State, 544 S.W.2d 123, 125 (Tex.
Crim. App. 1976) (holding that an information is fundamentally defective if the
State alleges an omission without a concomitant duty to act).  An information
that tracks the statutory language of a statute proscribing certain conduct is
generally sufficient to charge a criminal offense.  State v. Edmond, 933
S.W.2d  120, 127 (Tex. Crim. App. 1996).  As explained below, we conclude the
legislature, by employing the word Aallow,@ created a positive duty on persons
standing in a responsible relation to the prohibited act of unauthorized
discharge to act to prevent a violation of section 7.147 of the Texas Water
Code.  Therefore, the State sufficiently alleged a statutory duty to act by
tracking the language of section 7.147.

Central
to appellant=s complaint is the argumentt section 7.147 of the Texas Water Code is
unconstitutionally vague as applied.  An unconstitutionally vague criminal law Aviolates the first essential of due
process.@  Bynum v. State, 767 S.W.2d
769, 773 (Tex. Crim. App. 1989) (citing Connally v. Gen. Constr. Co.,
269 U.S. 385, 391 (1926)).  A statute is unconstitutionally vague if it (1)
does not provide fair notice of the prohibited conduct to a person of ordinary
intelligence, or (2) is so indefinite that it encourages arbitrary and
discriminatory arrests and convictions.  See id.  In reviewing the
constitutionality of a statue for vagueness, we must consider, not whether the
statute can withstand the deconstructionist attacks of attorneys, but whether
the statute provides fair notice to an ordinary person that his or her conduct
risked violating a criminal law.  See id.  

We begin
with the presumption that the statute is valid and assume the legislature did
not act arbitrarily and unreasonably when it was enacted.  See Ex parte
Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978).  The burden rests on
appellant to establish a statute is unconstitutionally vague as applied to its
conduct.  See Bynum, 767 S.W.2d at 774; Briggs v. State, 740
S.W.2d 803, 806 (Tex. Crim. App. 1987).








Appellant
cites Billingslea v. State, in which the Court of Criminal Appeals
observed  Apenal provisions which criminalize a failure to act without informing
those subject to prosecution that they must perform a duty to avoid punishment
are unconstitutionally vague.@ 780 S.W.2d 271, 275B76 (Tex. Crim. App. 1989).  In relevant
part, the statute at issue in Billingslea provided that a person commits
an offense if he intentionally, knowingly, recklessly, or with criminal
negligence, by act or omission, engages in conduct that causes injury to an
individual who is 65 years of age or older.  See id. at 273.  The
defendant in Billingslea was convicted for violating the statute by
failing to obtain medical care for his elderly mother.  Id.  The court
of appeals reversed the conviction and ordered his acquittal.  Id. at
271.  In affirming the judgment of the court of appeals, the Court of Criminal
Appeals noted that, because no duty of care had been assigned to any particular
person, the duty Amust therefore rest on either all persons alive . . . or on
no one.@ Id. at 276.  If such a duty
rested Aon all persons alive,@ there would be no rational means of
choosing to prosecute AB for the death of A instead of prosecuting X, a neighbor, or
Y, A=s sister, or Z, the Governor.@  See id.   Thus, the court
held no such duty of care existed.  Id.  Appellant argues that section
7.147 of the Water Code, like the statute in Billingslea, creates a duty
that rests either on all persons or on no one.  We disagree.

Unlike
the statute at issue in Billingslea, the Texas Water Code is a regulatory
act of Aa now familiar type which dispenses
with the conventional requirement for criminal conduct-awareness of some
wrongdoing.@  See United States v. Park, 421 U.S. 658, 668 (1975) (internal
quotations omitted); see also Am. Plant Food Corp. v. State, 587 S.W.2d
679, 684B86 (Tex. Crim. App. 1979) (noting the
strict-liability nature of the provisions concerning water pollution).  Instead,
A[i]n the interest of the larger good,
it puts the burden of acting at hazard upon a person otherwise innocent but
standing in a responsible relation to a public danger.@  Park, 421 U.S. at 668 (emphasis
added); see United States v. Dotterweich, 320 U.S. 277, 280B81 (1943); Am. Plant Food Corp.,
587 S.W.2d at 686 (determining the legislature Arecognized the substantial risks to
public health involved in even passive pollution@ and eliminated the requirement of a
culpable mental state to further its intent). 








With
respect to strict-liability regulatory statutes of this nature, it is well
settled that an omission or failure to act is a sufficient basis for a
responsible corporate agent=s (or corporations=s) liability.  Park, 421 U.S.
at 671; see Dotterweich, 320 U.S. at 281 (describing the relationship
between a corporation and its agents and noting a corporation can only act
through the individuals who act on its behalf).  It is enough that, by virtue
of the responsibility vested in a corporation or its agents, the corporation or
agent charged Ahad the power to prevent the act complained of.@  See Park, 421 U.S. at 671B72. By the use of the word Aallow,@ the legislature incorporated this
responsible-relationship concept directly into the language of section 7.147 of
the Texas Water Code.[3] 








The term
Aallow@ is not defined by statute;
therefore, we must interpret the term in accordance with its plain meaning and
ordinary usage.  See Sanchez v. State, 995 S.W.2d 677, 683 (Tex. Crim.
App. 1999) (citing Boykin v. State, 818 S.W.2d 782, 785B86 & 786 n.4 (Tex. Crim. App.
1991)).  The plain meaning of Aallow@ is Ato let do or happen; permit.@  American
Heritage Dictionary (4th ed.  2000); see State v. Guevara, 110
S.W.3d 178, 180B81 (Tex. App.CSan Antonio 2003), rev=d 137 S.W.3d 55 (Tex. Crim. App. 2004) (stating commonly
used meaning of Ato allow@ is to Aneglect to restrain or prevent@).  Implicit in the meaning of the
word Aallow@ is that the actor must bear a
responsible relationship to the object that he or she Aallows.@  In other words, it is impossible to
Aallow@ something beyond one=s control.  Thus, we conclude section
7.147 imposes a duty on those who have a Aresponsible relationship to@ or a Aresponsible share in@ the prohibited actChere, the unauthorized discharge.  See
Park, 421 U.S. at 672B73.  Responsible persons, whether an individual, association,
or corporation, have a positive duty under section 7.147 to Aseek out and remedy violations when
they occur but also, and primarily, a duty to implement measures that will
insure that violations will not occur.@  See id.; see also Dotterweich,
320 U.S. at 281B85 (discussing the relationship between a corporation and its
individual employees).[4]








Unlike
the duty of care at issue in Billingslea, not Aall living persons@ possess the power or authority to
prevent any given discharge.  Nonetheless, appellant argues that section 7.147
is unconstitutionally vague because it does not explicitly limit its
application to a particular class.  See Tex. Water Code Ann. ' 7.147 (Aa person commits an offense . . .@); Tex.
Pen. Code Ann. 1.07(38) (Vernon 2003) (defining person to include an
individual, corporation, or association).  Appellant cites State v. Guevara for
the proposition that a statute criminalizing an omission must expressly define
the class of persons which stands in a responsible relation to prevent the
complained-of act. 137 S.W.3d 55 (Tex. Crim. App. 2004).  In Guevara,
the Court of Criminal Appeals upheld an ordinance making it unlawful for
businesses Ato allow@ patrons to queue on the public right-of-way of the San Antonio River Walk. 
Id. at 57.  In distinguishing its holding in Billingslea, the
Court noted that the River Walk ordinance specifically limited the duty in its
application to businesses along the River Walk.  Id.  However, with
respect to the type of regulatory crime at issue here, it would be Atreacherous to define or even to
indicate by way of illustration@ the class which stands in such a responsible relationship.  See
Dotterweich, 320 U.S. at 281, 285 (discussing the application of a
regulatory statute which applied to Aany person@); cf. id. at 287 (Murphy, J.,
dissenting) (disagreeing with the majority=s holding because A[s]tatutory policy and purpose are
not constitutional substitutes for the requirement that the legislature specify
with reasonable certainty those individuals it desires to place under the
interdict of the Act@).

Moreover,
there is no indication here that appellant was outside of the class of persons
who stood in a responsible relation to the complained-of discharge.  Although
appellant argues that any man, woman, or child may be held liable for the
discharge of another person, there is no evidence in appellant=s case that the discharge originated
from a third-party source.  When, as here, the right to free speech under the
First Amendment to the United States Constitution is not implicated, a
defendant challenging the constitutionality of a statute for vagueness must
show that the statute is unconstitutional as applied to the specific facts of
the case. See Bynum, 767 S.W.2d at 773B74.  It is not enough to show that
the statute may be unconstitutional as applied in other situations; we do not
engage in hypothetical analysis to determine whether the statute provides
adequate notice.  See Margraves v. State, 34 S.W.3d 912, 920 (Tex. Crim.
App. 2000); Bynum, 767 S.W.2d at 774.  Appellant has failed to present a
record containing a statement or findings of fact which indicate appellant, a
refining company, bore no responsible relationship to the complained-of
discharge and was therefore outside the class of persons whose conduct is
clearly proscribed by the statute.  See Griffin Indus. v. State, 171
S.W.3d 414, 417B19, 417 n.4 (Tex. App.CCorpus Christi 2005, pet. ref=d) (rejecting a similar
hypothetically-based argument that Adischarge,@ as defined to include allowing or
permitting the release of a pollutant, is unconstitutionally vague); see
also DeWillis v. State, 951 S.W.2d 212, 217 (Tex. App.CHouston [14th Dist.] 1997, no writ)
(rejecting appellant=s claim a statute was unconstitutionally vague as applied
when appellant failed to bring forth a record containing the facts surrounding
his conduct).








Finally,
appellant argues that Athe relevant omissions [from the information] in [appellant=s] case are the [omissions] that the
State believe allowed the discharge.@  However, it is not necessary or
desirable for the State to codify the different methods or systems a person
could employ to prevent an unauthorized discharge, and the fact that the
statute did not prescribe a specific method does not render it
unconstitutionally vague in application.  See Guevara, 137 S.W.3d at 57B58 (finding it was not necessary or
desirable for the city to codify the various different methods a business could
use to prevent queuing).

For the
reasons discussed above, appellant failed to meet its burden to show section
7.147 of the Texas Water Code was unconstitutionally vague as appliedBand thus failed to rebut the
presumption the statute is constitutional.  By tracking the language in section
7.147 of the Texas Water Code, the State sufficiently alleged that appellant
bore a responsible relationship to the complained-of discharge; therefore,
appellant had a duty to prevent the discharge.  Accordingly, we conclude the
information was not void for failure to allege an offense.  See Edmond,
933 S.W.2d at 127 (information tracking statutory language generally sufficient
to allege an offense). 

B.        Failure to Provide
Sufficient Notice








Because
the State did not specify the precise omissions constituting unauthorized
discharge, appellant further argues that it did not have sufficient information
to prepare a defense and plead the judgment in bar of future prosecutions. 
When the State fails to allege facts sufficient to give a defendant notice of
the precise offense charged and to bar subsequent prosecutions for the same
offense, the defect is one of form.  Sanchez, 120 S.W.3d at 367 (citing Adams
v. State, 707 S.W.2d 900, 901 (Tex. Crim. App. 1986)); Am. Plant Food
Corp., 508 S.W.2d at 603B604.  When a trial court errs in overruling a challenge to
the form of the charging instrument, a conviction may be affirmed if the defect
did not prejudice the defendant=s substantial rights.   Sanchez, 120 S.W.3d at 367; see
Tex. Crim. Proc. Code Ann.
21.19 (Vernon 1989) (AAn indictment shall not be held insufficient . . . by reason
of any defect of form which does not prejudice the substantial rights of the
defendant@).  Therefore, we apply a two-part test.  Sanchez, 120 S.W.3d at
367.  First, we determine whether the charging instrument failed to
convey a requisite item of notice.  Id.  If so, we next determine
whether in the context of the case, this had an impact on the defendant=s ability to prepare a defense, and
finally, how great an impact.  Id. 

Here,
the State alleged the date of the discharge, the site of the discharge, and the
type of pollutants and waste.  Accordingly, we find that the State alleged
facts sufficient for appellant to prepare a defense and plead the judgment in
bar of future prosecution.  Moreover, no court reporter was present at the
hearing on the motion to quash, there are no findings of facts, and appellant
expressly agreed to the subject amendment as a condition to its plea bargain. 
Therefore, even if the State failed to convey a requisite item of notice, we
cannot conclude that appellant=s substantial rights were prejudiced.  See Tex. Crim. Proc. Code Ann. 21.19; Sanchez,
120 S.W.3d at 367.            

Accordingly,
we overrule appellant=s sole issue.  The judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed
September 21, 2006.

Panel consists of Justices Anderson,
Edelman, and Seymore.

Publish C Tex.
R. App. P. 47.2(b).

 









[1]  Section 7.147 was amended after the date of the
charged offense to create an additional exception.  See Tex. Water Code Ann. ' 7.147(a) (Vernon Supp. 2006).  However, the portion
of the statute applicable to appellant remained unchanged.  See id.  Thus,
for convenience, we will cite to the current code.  

 





[2]  The State did not move to strike the words Adischarged or@ as
alleged in the portion of the information as amended to include the definition
of discharge.  We also note that, although the trial court granted the State=s motions, the original information was not amended to
reflect either of the changes and no new or substitute information was filed.  See
Riney v. State, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000) (noting that a
trial court=s granting of  the State=s motion to amend a charging instrument only authorizes an eventual
amendment, but holding that the Aactual,
physical alteration of the face of the charging instrument@ is not necessarily Athe only effective means of accomplishing an amendment@). Here, however, appellant and the State agree as to
the substance of the changes, and neither party argues that either change is
invalid or inapplicable.  See Valenti v. State, 49 S.W.3d 594, 597B98  (Tex. App.CFort
Worth 2001, no pet.) (holding an order memorializing substance of amendment is
sufficient when there is no surprise and amendment was made by agreement).





[3]  Although Park and Dotterweich do not
address the precise issue presented in this case, we find the reasoning in both
cases applicable here.  In Park and Dotterweich, the statutory
provisions at issue did not explicitly prohibit an omission or failure to act. 
See Park, 421 U.S. at 660 n.2 (provision at issue prohibited A[t]he alteration, mutilation, destruction,
obliteration, or removal of the whole or any part of the labeling of . . . or .
. . any other act with respect to, a food, drug, device, or cosmetic . . .@ and the causation of any of the preceding acts); Dotterweich,
320 U.S. at 278 (provision at issue prohibited A[t]he introduction or delivery for introduction into interstate
commerce of any . . . drug . . . that is adulterated or misbranded@).  Nonetheless, the Court rejected the due process
claims and construed the provisions to impose a positive duty upon responsible
persons Ato seek out and remedy violations when they occur but
also, and primarily, a duty to implement measures that will insure that
violations will not occur.@  See Park,
421 U.S. at 666, 672B73 (describing the duty revealed in the aftermath of Dotterweich
by cases construing similar regulatory statutes). Thus, regulatory statutes
which facially prohibit acts alone are constitutional as applied to those
responsible persons who fail to prevent the proscribed acts.  See id.  In
light of the foregoing, it would be a perversion of law and logic to conclude
that use of language such as Aallow@ on the face of a similar regulatory statute renders
the statute unconstitutional. As discussed above, unconstitutionally vague
statutes violate due process because they fail to provide notice of prohibited
conduct to citizens and law enforcement officials.  A regulatory statute which
includes language such as Aallow@ on its face provides greater notice that a person may
be held liable for failing to prevent a violation than a statute which
dispenses with such language.  





[4]  In Dotterweich, the court rejected an
argument that a statute applying to any Aperson,@ when Aperson@ was defined to include a Acorporation,@
could not be enforced against responsible corporate agents.  Dotterweich,
320 U.S. at 281.  To the extent appellant=s
argument relies on the reverse propositionCthat
a duty imposed on responsible corporate agents cannot also be imposed on a
corporation itself, we reject the argument for the same reasons.  A Acorporation@
(defined by the penal code to include professional associations created by
statute) cannot act apart from the individuals who act on its behalf.  Dotterweich,
320 U.S. at 281; see Tex. Pen.
Code Ann. ' 1.07(13) (Vernon 2003).