The STATE of Texas, State

v.

Charles ZASCAVAGE, Appellee.

No. 2–06–126–CR.

Court of Appeals of Texas, Fort Worth.

Jan. 18, 2007.

---

**33.** *See Koch*, 85 F.3d at 1181.

Paul Johnson, Criminal District Attorney, Kathleen Walsh, Lisa Decker, Chris Abel, Assistant District Attorneys, Denton, Matthew Paul, State Prosecuting Attorney, Austin, for state.

Kuzmich Law Firm, Jonathan M. Bailey, Lewisville, for appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### I. Introduction

Appellee Charles Zascavage was charged with four counts of hazing pursuant to section 37.152(a)(3) of the education code. The indictment alleged that appellant violated section 37.152(a)(3) by recklessly permitting hazing to occur by failing to supervise students whom he had a duty to supervise pursuant to the educator-student relationship. On April 4, 2006, the trial court dismissed the indictment, finding that section 37.152(a)(3) was unconstitutional, and the State appealed. We affirm.

### II. Background Facts

Because appellee challenged the constitutionality of section 37.152(a)(3) both facially and as applied to him, a brief review of the facts is in order. On August 27, 2005, the Flower Mound High School Wrestling Booster Club sponsored a party for the wrestling team. To notify student

wrestlers about the party, the Booster Club distributed fliers at Flower Mound High School, but did not gain authorization or support from the school administrators or the Lewisville Independent School District.

The party occurred on a Saturday evening at Jeffrey Stamm's home in Flower Mound and was attended by Stamm, Stamm's wife, Stamm's children, appellee, Booster Club members, and parents of student wrestlers. Additionally, seventy percent of the 73–member wrestling team attended the party. Only sixty percent of the freshman members attended. During the party, several student wrestlers slapped or struck other student wrestlers to initiate them into the wrestling team. The facts are unclear whether any adult present at the party, including appellee, witnessed the hazing.

### III. Constitutionality of Section 37.152(a)(3)

A person violates section 37.152(a)(3) if he "recklessly permits hazing to occur." TEX. EDUC.CODE ANN. § 37.152(a)(3) (Vernon 2006). Hazing is any intentional or reckless act, occurring on or off the campus of an educational institution, by one person acting alone or acting with others, directed against a student, that endangers the mental or physical health or safety of a student for the purpose of pledging or being initiated into an organization. *Id.* § 37.151(6).

### A. Appellee's Facial Challenge

■ Generally, the clarity or vagueness of a criminal statute depends on whether the statute provides sufficient notice of a particular charge to a particular defendant. *See Billingslea v. State,* 780 S.W.2d 271, 275–76 (Tex.Crim.App.1989). To pass a vagueness challenge, a criminal statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Long v. State,* 931 S.W.2d 285, 287 (Tex.Crim.App.1996).

■ As a matter of fundamental due process, notice of an offense must rest upon a specific statute. *Billingslea,* 780 S.W.2d at 275. As the *Billingslea* court emphasized,

[s]ince the days of the Republic and early statehood, Texas courts have been prohibited from allowing common law duties to form the basis of criminal sanctions. That longstanding prohibition is specifically embodied in our Penal Code, which provides that "conduct does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, ... or rule authorized by and lawfully adopted under a statute."

*Id.* (citations omitted) (citing TEX. PENAL CODE ANN. § 1.03(a) (Vernon 2003)). Therefore, the vagueness doctrine recognized in *Billingslea* and embodied by section 1.03(a) requires statutory notice that certain conduct has been criminalized. TEX. PENAL CODE ANN. § 1.03(a); *Billingslea,* 780 S.W.2d at 275.

Section 6.01(c) of the penal code establishes that a person who omits to perform an act does not commit an offense unless section 1.07 provides that the omission is an offense or otherwise provides that he has a duty to perform the act. TEX. PENAL CODE ANN. § 6.01(c) (Vernon 2003). The duty to act may be contained within the same statute that proscribes the offense or within a corresponding statute. *See Billingslea,* 780 S.W.2d at 274–75. Further, the legislature's 1993 amendment to section 6.01(c) of the penal code expanded *Billingslea* to allow common law duties to form the basis for criminal prosecution. *See* Act of February 8, 1993, 73d Leg., R.S., ch. 3, § 1, 1993 Tex. Gen. Laws 10.

■ However, penal provisions which criminalize a failure to act without informing those subject to prosecution that they must perform a duty to avoid punishment are unconstitutionally vague. *Billingslea,* 780 S.W.2d at 276. Further, statutes that impose duties on "every living person in the universe" as opposed to specific classes of entities fail to inform those who could potentially be subject to prosecution. *See State v. Guevara,* 137 S.W.3d 55, 57 (Tex. Crim.App.2004).

■ Here, section 37.152(a)(3) of the education code fails to identify any person or class of persons upon whom a duty to act, whether statutory or otherwise, is imposed; instead, it simply imposes a duty on every living person in the universe to prevent hazing. TEX. EDUC.CODE ANN. § 37.152(a)(3). Consistent with *Billingslea,* such a statutory construction fails to stand up to a vagueness challenge, and is therefore facially unconstitutional. *Billingslea,* 780 S.W.2d at 276.

The State uses section 22.0511 of the education code, section 9.62 of the penal code, and several civil cases [1] in its assertion that appellee had a duty to prevent the hazing pursuant to the student-teacher relationship. However, section 22.0511 of the education code only provides an educator with immunity from civil liability for acts committed within the scope of employment. TEX. EDUC.CODE ANN. § 22.0511 (Vernon 2006).[2] The wording of this statute is insufficient to imply or mandate a general duty of supervision for educators at all times under any circumstances. Similarly, section 9.62 of the penal code merely excludes criminal responsibility for an educator who uses justified force against a student.[3] TEX. PENAL CODE ANN. § 9.62 (Vernon 2003). Although the title of section 9.62 implies application to the educator-student relationship, the text broadly covers anyone entrusted with care, supervision, or administration of another person.

The State uses the code sections discussed above in conjunction with civil immunity cases to assert "that teachers stand *in loco parentis* and that a school and its employees have the duty to reasonably care for the well-being and safety of its students." However, none of the State's cases address the fundamental issue of whether an educator's failure to supervise can form the basis for criminal prosecu-

---

1. *Johnson v. Calhoun County ISD,* 943 S.W.2d 496 (Tex.App.-Corpus Christi 1997, writ denied); *Univ. Preparatory Sch. v. Huitt,* 941 S.W.2d 177 (Tex.App.-Corpus Christi 1996, writ denied); *Spacek v. Charles,* 928 S.W.2d 88 (Tex.App.-Houston [14th Dist.] 1996, writ dism'd w.o.j.); *Pierson v. Houston ISD,* 698 S.W.2d 377 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.); *McManus v. Anahuac ISD,* 667 S.W.2d 275 (Tex.App.-Houston [1st Dist.] 1984, no writ); *Hogenson v. Williams,* 542 S.W.2d 456 (Tex.Civ.App.-Texarkana 1976, no writ).

2. Section 22.0511 of the education code provides:

   (a) A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employ-

ment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students. TEX. EDUC.CODE ANN. § 22.0511.

3. Section 9.62 of the penal code is entitled "Educator-Student" and provides:

   The use of force, but not deadly force, against a person is justified:
   (1) if the actor is entrusted with the care, supervision, or administration of the person for a special purpose; and
   (2) when and to the degree the actor reasonably believes the force is necessary to further the special purpose or to maintain discipline in a group.
   TEX. PENAL CODE ANN. § 9.62.

tion. Instead, the State's cases involve fact-specific applications of the immunity provisions in section 22.0511, and stand for the proposition that educators may stand *in loco parentis* to a student, and thereby enjoy immunity from civil liability. The State's link from section 22.0511 of the education code and section 9.62 of the penal code to section 37.152(a)(3) of the education code is simply too much of a stretch to give persons of ordinary intelligence a reasonable opportunity to know that they have a duty to supervise students. *See Long,* 931 S.W.2d at 287.

Further, several federal circuit courts have addressed the question of whether teachers and schools have special common law duties to protect students from harm caused by third parties. The decisions to date hold that attendance at a public school is not sufficient to create a special relationship between the student and the State that requires the State to protect the student from third parties.[4]

## B. Appellee's "As Applied" Challenge

 The State asserts that appellee violated the hazing statute because he did not comply with his duty of care for the students' well-being and safety by failing to control their behavior at a team party. However, while educators can stand *in loco parentis* under immunity cases, it is unclear whether they can be criminally punished for failing to prevent hazing. It is also unclear whether appellee, as a wrestling coach, is an "educator." For these reasons, section 37.152(a)(3) of the education code is unconstitutional as applied to appellee.

Further, even assuming that educators have a duty to prevent hazing under section 37.152(a)(3) of the education code, and that appellee is an educator, no statutory or common law authority supports the argument that an educator stands *in loco parentis* under the present circumstances. Here, appellee, student wrestlers, parents, and members of the Booster Club attended a party on a Saturday at a private residence. The party was not sponsored by Flower Mound High School, attendance by the student wrestlers was not mandatory, and many of the students' parents attended. Even if appellee is an educator under these circumstances, he assumed neither actual care nor custody of the students because the party was not mandatory, and the students' parents were not excluded from attending. *See Coons–Andersen v. Andersen,* 104 S.W.3d 630, 635–36 (Tex.App.-Dallas 2003, no pet.) (holding that the requisites for *in loco parentis* status are the actual care and custody of a child by a non-parent who assumes parental duties because the parent—generally due to his or her absence—is unable or unwilling to care for the child). Accordingly, even if section 37.152(a)(3) applies to appellee, he did not have a duty under these circumstances to prevent hazing.

## IV. Conclusion

We hold that section 37.152(a)(3) of the education code is unconstitutional on its face and as applied to appellee. Accordingly, we affirm the trial court's dismissal of the indictment.

---

4. *Graham v. Indep. Sch. Dist. No. I–89,* 22 F.3d 991, 993 (10th Cir.1994); *Dorothy J. v. Little Rock Sch. Dist.,* 7 F.3d 729, 732 (8th Cir.1993); *D.R. v. Middle Bucks Area Vocational Tech. Sch.,* 972 F.2d 1364, 1368–73 (3rd Cir.1992), *cert. denied,* 506 U.S. 1079, 113 S.Ct. 1045, 122 L.Ed.2d 354 (1993); *J.O. v. Alton Cmty. Unit Sch. Dist. 11,* 909 F.2d 267, 272 (7th Cir.1990).