In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00013-CR

                                                ______________________________

 

 

                                     THE STATE OF
TEXAS, Appellant

 

                                                                V.

 

                                    JOHN HARDY TAYLOR, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 22840

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                    Opinion by Chief Justice Morriss








                                                                   O P I N I O N

 

            Judy
Pless suffered serious bodily injury in an unprovoked, August 13, 2008, attack
by a dog allegedly owned by John Hardy Taylor. 
In its indictment, the State alleged that Taylor was criminally
negligent in failing to secure his dog, in violation of Section 822.005(a)(1)
of the Texas Health and Safety Code.[1]  The trial court quashed the indictment
against Taylor on the basis that the statute on which the indictment is based
is unconstitutional in failing to set forth any required culpable mental
state.  Clearly, Section 822.005(a)(1)
sets out a culpable mental state of “criminal negligence.”  Tex.
Health & Safety Code Ann. § 822.005(a)(1) (Vernon 2010).  Thus, Section 822.005(a)(1) cannot be
unconstitutional merely for failing to require a culpable mental state.[2]

            The
State appeals from the order quashing the indictment.  Because we determine the statute to be
constitutional, we reverse the order quashing the indictment.[3]

            Because
the sufficiency of an indictment is a question of law, a trial court’s decision
to quash an indictment is reviewed de novo. 
State v. Moff, 154 S.W.3d 599,
600 (Tex. Crim. App. 2004).  In reviewing
the constitutionality of a statute, we presume the statute is valid and the Legislature
has not acted unreasonably or arbitrarily. 
Rodriguez v. State, 93 S.W.3d
60, 69 (Tex. Crim. App. 2002).  In the
absence of contrary evidence, we presume that the Legislature acted in a
constitutionally sound fashion.  The
burden rests on the individual who challenges a statute to establish its
unconstitutionality.  Id. 
Thus, this appeal presents an unusual situation where, even though
Taylor was successful in having the indictment quashed, the law nevertheless
imposes a presumption that the statute is valid.

            The
statute must be upheld if a reasonable construction can be ascertained that
will render the statute constitutional and carry out the legislative
intent.  Shaffer v. State, 184 S.W.3d 353, 363 (Tex. App.—Fort Worth
2006, pet. ref’d).

            At
the heart of Taylor’s complaint is the argument that Section 822.005(a)(1) of
the Texas Health and Safety Code is unconstitutionally vague.

A statute is void for vagueness if it fails to
define the criminal offense “with sufficient definiteness that ordinary people
can understand what conduct is prohibited and in a manner that does not permit
arbitrary and discriminatory enforcement.” 
If, as in this case, a statute does not substantially implicate
constitutionally protected conduct or speech, it is valid unless it is “impermissibly
vague in all applications” or as applied to the defendant.

 

Lawrence v. State, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007).

            Section
822.005(a)(1) of the Code provides that a person commits an offense if the
person is the owner of a dog and the person:

(1) with criminal negligence, as defined by
Section 6.03, Penal Code, fails to secure the dog and the dog makes an
unprovoked attack on another person that occurs at a location other than the
owner’s real property or in or on the owner’s motor vehicle or boat and that
causes serious bodily injury, as defined by Section 1.07, Penal Code, or death
to the other person . . . .

 

Tex.
Health & Safety Code Ann. § 822.005(a)(1).

            Taylor
contends this section of the statute is unconstitutionally vague because it
fails to inform a dog owner of the existence of a duty to secure his dog, even
though it provides that the failure to do so is a criminal act.  Moreover, in the absence of a corresponding
requirement that a dog owner have knowledge of his dog’s dangerous
propensities, the criminalization of the owner’s failure to secure his dog,
claims Taylor, is a violation of his constitutional right to notice and due
process of law.[4]

            Generally,
the clarity or vagueness of a criminal statute depends on whether the statute
provides sufficient notice of a particular charge to a particular
defendant.  State v. Zascavage, 216 S.W.3d 495, 497 (Tex. App.—Fort Worth 2007,
pet. ref’d).  To pass a vagueness
challenge, a criminal statute must give a person of ordinary intelligence a
reasonable opportunity to know what is prohibited.  Long v. State, 931 S.W.2d 285, 287 (Tex. Crim. App. 1996).  Further, in analyzing a statute for
vagueness, where no First Amendment rights are involved, we must determine only
if the statute is impermissibly vague as applied to the challenging party’s
specific conduct.  Bynum v. State, 767 S.W.2d 769 (Tex. Crim. App. 1989).

            Taylor
relies on Billingslea v. State, 780
S.W.2d 271 (Tex. Crim. App. 1989), in support of his position that the statute
here is unconstitutionally vague as applied. 
Billingslea[5]
held that there must be a statutory duty to act apart from a general statement
that “an omission is an offense.”  Id. at 274.  Stated another way, for an omission to be an
offense, there must be a corresponding duty to act.  Id.  The duty to act may be contained within the
same statute that proscribes the offense or it could be found in a different
statute altogether.  State v. Guevara, 137 S.W.3d 55, 56–57 (Tex. Crim. App. 2004).  Penal provisions are unconstitutionally vague
when they criminalize a failure to act without informing those subject to
prosecution that they must perform a duty to avoid punishment.  Zascavage,
216 S.W.3d at 498.

             In Billingslea,
the defendant lived in a house with his ninety-four-year-old mother.  He was prosecuted for injury to an elderly
person by omission for failing to secure needed medical care.  Billingslea, 780 S.W.2d at 273.  The “injury to a child or elderly individual”
statute did not itself assign a duty of care to any particular person.  Id. at 276.  Because no statutory duty of care for elderly
persons existed, and the court rejected the notion of deriving duties from the
common law, the State failed to establish the offense of injury to an elderly
person by omission because it could not show the defendant had a duty to
act.  Id.  Unlike the statute in Billingslea, which imposed a duty, if at all, on “every living
person in the universe,” the statute at issue here does not impose such an all
encompassing duty.  See Guevara, 137 S.W.3d at
57.

            Rather
than imposing a duty on “every living person in the universe,”[6]
Section 822.005(a)(1) imposes only on the owner
of a dog a duty to secure that dog.  Tex. Health & Safety Code Ann. §
822.005(a)(1).  Criminal liability is not
unlimited in scope; rather, liability is limited to “a person who owns or has
custody or control of the dog.”  Tex. Health & Safety Code Ann. §
822.041(5) (Vernon 2010).  Because the
indictment stated the source of Taylor’s duty—the fact that he is the owner of
the dog—the indictment gave sufficient notice of the source of the duty to
act.  See
Smith v. State, 603 S.W.2d 846, 847 (Tex. Crim. App. [Panel Op.] 1980)
(indictment charging criminal omission must set forth facts which give rise to
statutory duty to act).

            In
addition, Taylor complains that the statute is unconstitutional because it
criminalizes a dog owner’s failure to secure his or her dog when the dog has
given no previous indication of vicious tendencies.  We disagree. 
Liability under Section 822.005(a)(1) is imposed only when the dog owner
is criminally negligent in failing to secure his or her dog: 

A person acts with criminal negligence . . . with
respect to circumstances surrounding his conduct or the result of his conduct
when he ought to be aware of a substantial and unjustifiable risk that the
circumstances exist or the result will occur. 
The risk must be of such a nature and degree that the failure to
perceive it constitutes a gross deviation from the standard of care that an
ordinary person would exercise under all the circumstances as viewed from the
actor’s standpoint.

 

Tex.
Penal Code Ann. § 6.03(d) (Vernon 2003).

            For
a dog owner to be criminally responsible for injuries inflicted by his or her
dog, the owner must have been criminally negligent in failing to secure the
dog.  To support Taylor’s conviction of
the criminally negligent failure to secure his dog, the evidence must have
shown that Taylor was aware of a substantial and unjustifiable risk that the
failure to secure his dog could result in the dog making an unprovoked attack
on another person, causing serious bodily injury to that person.

            While
the statute does not explicitly spell out the duty of a dog owner to secure his
or her dog when away from the owner’s home, car, or boat, a reasoned reading of
the statute imposes such a duty in certain circumstances.  Moreover, the imposition of such a duty is
undergirded by the common law.  In this
regard, we are mindful of the change in the law since the Billingslea case was decided in 1989 (the court declined to adopt a
duty of care from the common law).  Billingslea, 780 S.W.2d at 276.

            Section
6.01(c) of the Texas Penal Code establishes that a person who omits to perform
an act does not commit an offense unless a law as defined by Section 1.07
provides that the omission is an offense or otherwise provides that he or she has
a duty to perform the act.  Tex. Penal Code Ann. § 6.01(c).  Section 1.07(a)(30) of the Penal Code defines
“Law” as “the constitution or a statute of this state or of the United States,
a written opinion of a court of record, a municipal ordinance, an order of a county
commissioners court, or a rule authorized by and lawfully adopted under a
statute.”  Tex. Penal Code Ann. § 1.07(a)(30) (Vernon Supp. 2009).  This 1993 statutory amendment incorporating
the law as defined in the Texas Penal Code plainly includes the common
law—written opinions of a court of record.[7]

            Under
the common law, a dog owner has the general duty to exercise reasonable care to
avoid foreseeable injury to others.  See
Kehler v. Eudaly, 933
S.W.2d 321, 330 (Tex. App.—Fort Worth 1996, writ denied).  Whether the risk of injury from a dog bite is
foreseeable depends in part on the owner’s actual or constructive knowledge of
the vicious propensities of the dog. Dunnings v. Castro, 881 S.W.2d 559, 564 (Tex.
App.—Houston [1st Dist.] 1994, writ denied); Gill v. Rosas, 821 S.W.2d 689, 691 (Tex. App.—El
Paso 1991, no writ).  The common law also
recognizes that the owner of a domestic animal should realize that even
ordinarily gentle animals are likely to be dangerous under particular
circumstances and should exercise reasonable care to prevent foreseeable harm.  Dunnings, 881 S.W.2d at 562.

            Section
822.005(a) requires a dog owner to secure its dog under certain
circumstances.  This duty also exists in
the common law, as a consequence of the general duty of a dog owner to exercise
reasonable care to avoid foreseeable injury to others.  However, it is only when a dog owner acts
with criminal negligence in failing
to secure his or her dog, and the dog causes serious bodily injury to another
(while not on the owner’s property) can the owner be called to account under Section
822.005(a) of the Texas Health & Safety Code.  Tex.
Health & Safety Code Ann. § 822.005(a) (Vernon 2010).

            We
presume the Legislature acted in a constitutionally sound fashion in drafting
this section of the statute, and find no evidence to the contrary.  Section 822.005(a) defines criminal conduct
with sufficient definiteness that ordinary people can understand what conduct
is prohibited.  We find this section of
the statute to be constitutional.

            We
reverse the order quashing the indictment and remand this cause to the trial
court for further proceedings consistent with this opinion.

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          July
6, 2010

Date Decided:             July
23, 2010

 

Publish











[1]Because
this is an appeal of a pretrial order, no testimony or evidence appears in the
record.

 





[2]The
trial court’s order was the same in each of Taylor’s four cases then before
that court, two of which—this appeal and our appeal numbered
06-10-00014-CR—were under Section 822.005(a)(1) and the other two of which—our
appeals numbered 06-10-00015-CR and 06-10-00016-CR—were under Section
822.005(a)(2).  Tex. Health & Safety Code Ann. § 822.005(a)(1), (2)
(Vernon 2010).

 





[3]Pless
was attacked by two dogs August 13, 2008, both of which are allegedly owned by
Taylor.  Consequently, Taylor was
indicted for both attacks.  The second
indictment, issued in trial court cause number 22888 and under Section
822.005(a)(1), is the subject of a separate appeal, our case numbered
06-10-00014-CR, the opinion in which is issued of even date herewith.  We have also issued, of even date herewith,
two additional opinions stemming from two separate indictments issued against
Taylor under Section 822.005(a)(2) of the Texas Health and Safety Code,
involving attacks by Taylor’s dogs on Haiden Lynn McCurry, also August 13, 2008.  Those opinions are issued in our cases
numbered 06-10-00015-CR and 06-10-00016-CR.





[4]There
are no cases which address the precise issues brought before us in this appeal.

 





[5]Billingslea has been superseded by
statute.  See Tex. Penal Code Ann.
§ 6.01(c) (Vernon 2003).





[6]See Guevara, 137 S.W.3d at 57.





[7]The
Legislature’s 1993 amendment to Section 6.01(c) of the Texas Penal Code
expanded Billingslea to allow common-law duties to form the basis for
criminal prosecution.  Zascavage, 216 S.W.3d at 497; see Act of Feb. 18, 1993, 73rd Leg.,
R.S., ch. 3, § 1, 1993 Tex. Gen. Laws 10.