

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00013-CR

_____

THE STATE OF TEXAS, Appellant

V.

JOHN HARDY TAYLOR, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 22840

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

Judy Pless suffered serious bodily injury in an unprovoked, August 13, 2008, attack by a dog allegedly owned by John Hardy Taylor. In its indictment, the State alleged that Taylor was criminally negligent in failing to secure his dog, in violation of Section 822.005(a)(1) of the Texas Health and Safety Code.[1] The trial court quashed the indictment against Taylor on the basis that the statute on which the indictment is based is unconstitutional in failing to set forth any required culpable mental state. Clearly, Section 822.005(a)(1) sets out a culpable mental state of "criminal negligence." TEX. HEALTH & SAFETY CODE ANN. § 822.005(a)(1) (Vernon 2010). Thus, Section 822.005(a)(1) cannot be unconstitutional merely for failing to require a culpable mental state.[2]

The State appeals from the order quashing the indictment. Because we determine the statute to be constitutional, we reverse the order quashing the indictment.[3]

---

[1]Because this is an appeal of a pretrial order, no testimony or evidence appears in the record.

[2]The trial court's order was the same in each of Taylor's four cases then before that court, two of which—this appeal and our appeal numbered 06-10-00014-CR—were under Section 822.005(a)(1) and the other two of which—our appeals numbered 06-10-00015-CR and 06-10-00016-CR—were under Section 822.005(a)(2). TEX. HEALTH & SAFETY CODE ANN. § 822.005(a)(1), (2) (Vernon 2010).

[3]Pless was attacked by two dogs August 13, 2008, both of which are allegedly owned by Taylor. Consequently, Taylor was indicted for both attacks. The second indictment, issued in trial court cause number 22888 and under Section 822.005(a)(1), is the subject of a separate appeal, our case numbered 06-10-00014-CR, the opinion in which is issued of even date herewith. We have also issued, of even date herewith, two additional opinions stemming from two separate indictments issued against Taylor under Section 822.005(a)(2) of the Texas Health and Safety Code, involving attacks by Taylor's dogs on Haiden Lynn McCurry, also August 13, 2008. Those opinions are issued in our cases numbered 06-10-00015-CR and 06-10-00016-CR.

Because the sufficiency of an indictment is a question of law, a trial court's decision to quash an indictment is reviewed de novo. *State v. Moff*, 154 S.W.3d 599, 600 (Tex. Crim. App. 2004). In reviewing the constitutionality of a statute, we presume the statute is valid and the Legislature has not acted unreasonably or arbitrarily. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). In the absence of contrary evidence, we presume that the Legislature acted in a constitutionally sound fashion. The burden rests on the individual who challenges a statute to establish its unconstitutionality. *Id.* Thus, this appeal presents an unusual situation where, even though Taylor was successful in having the indictment quashed, the law nevertheless imposes a presumption that the statute is valid.

The statute must be upheld if a reasonable construction can be ascertained that will render the statute constitutional and carry out the legislative intent. *Shaffer v. State*, 184 S.W.3d 353, 363 (Tex. App.—Fort Worth 2006, pet. ref'd).

At the heart of Taylor's complaint is the argument that Section 822.005(a)(1) of the Texas Health and Safety Code is unconstitutionally vague.

> A statute is void for vagueness if it fails to define the criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not permit arbitrary and discriminatory enforcement." If, as in this case, a statute does not substantially implicate constitutionally protected conduct or speech, it is valid unless it is "impermissibly vague in all applications" or as applied to the defendant.

*Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007).

Section 822.005(a)(1) of the Code provides that a person commits an offense if the person is the owner of a dog and the person:

> (1) with criminal negligence, as defined by Section 6.03, Penal Code, fails to secure the dog and the dog makes an unprovoked attack on another person that occurs at a location other than the owner's real property or in or on the owner's motor vehicle or boat and that causes serious bodily injury, as defined by Section 1.07, Penal Code, or death to the other person . . . .

TEX. HEALTH & SAFETY CODE ANN. § 822.005(a)(1).

Taylor contends this section of the statute is unconstitutionally vague because it fails to inform a dog owner of the existence of a duty to secure his dog, even though it provides that the failure to do so is a criminal act. Moreover, in the absence of a corresponding requirement that a dog owner have knowledge of his dog's dangerous propensities, the criminalization of the owner's failure to secure his dog, claims Taylor, is a violation of his constitutional right to notice and due process of law.[4]

Generally, the clarity or vagueness of a criminal statute depends on whether the statute provides sufficient notice of a particular charge to a particular defendant. *State v. Zascavage*, 216 S.W.3d 495, 497 (Tex. App.—Fort Worth 2007, pet. ref'd). To pass a vagueness challenge, a criminal statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Long v. State*, 931 S.W.2d 285, 287 (Tex. Crim. App. 1996). Further, in analyzing a statute for vagueness, where no First Amendment rights are involved, we must determine only if

---

[4]There are no cases which address the precise issues brought before us in this appeal.

the statute is impermissibly vague as applied to the challenging party's specific conduct. *Bynum v. State*, 767 S.W.2d 769 (Tex. Crim. App. 1989).

Taylor relies on *Billingslea v. State*, 780 S.W.2d 271 (Tex. Crim. App. 1989), in support of his position that the statute here is unconstitutionally vague as applied. *Billingslea*[5] held that there must be a statutory duty to act apart from a general statement that "an omission is an offense." *Id*. at 274. Stated another way, for an omission to be an offense, there must be a corresponding duty to act. *Id.* The duty to act may be contained within the same statute that proscribes the offense or it could be found in a different statute altogether. *State v. Guevara*, 137 S.W.3d 55, 56–57 (Tex. Crim. App. 2004). Penal provisions are unconstitutionally vague when they criminalize a failure to act without informing those subject to prosecution that they must perform a duty to avoid punishment. *Zascavage*, 216 S.W.3d at 498.

In *Billingslea*, the defendant lived in a house with his ninety-four-year-old mother. He was prosecuted for injury to an elderly person by omission for failing to secure needed medical care. *Billingslea*, 780 S.W.2d at 273. The "injury to a child or elderly individual" statute did not itself assign a duty of care to *any particular person*. *Id.* at 276. Because no statutory duty of care for elderly persons existed, and the court rejected the notion of deriving duties from the common law, the State failed to establish the offense of injury to an elderly person by omission because it could not show the defendant had a duty to act. *Id.* Unlike the statute in *Billingslea*, which

---

[5]*Billingslea* has been superseded by statute. *See* TEX. PENAL CODE ANN. § 6.01(c) (Vernon 2003).

5

imposed a duty, if at all, on "every living person in the universe," the statute at issue here does not impose such an all encompassing duty. *See Guevara*, 137 S.W.3d at 57.

Rather than imposing a duty on "every living person in the universe,"[6] Section 822.005(a)(1) imposes only on the *owner* of a dog a duty to secure that dog. TEX. HEALTH & SAFETY CODE ANN. § 822.005(a)(1). Criminal liability is not unlimited in scope; rather, liability is limited to "a person who owns or has custody or control of the dog." TEX. HEALTH & SAFETY CODE ANN. § 822.041(5) (Vernon 2010). Because the indictment stated the source of Taylor's duty—the fact that he is the owner of the dog—the indictment gave sufficient notice of the source of the duty to act. *See Smith v. State*, 603 S.W.2d 846, 847 (Tex. Crim. App. [Panel Op.] 1980) (indictment charging criminal omission must set forth facts which give rise to statutory duty to act).

In addition, Taylor complains that the statute is unconstitutional because it criminalizes a dog owner's failure to secure his or her dog when the dog has given no previous indication of vicious tendencies. We disagree. Liability under Section 822.005(a)(1) is imposed only when the dog owner is criminally negligent in failing to secure his or her dog:

> A person acts with criminal negligence . . . with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

---

[6]*See Guevara*, 137 S.W.3d at 57.

TEX. PENAL CODE ANN. § 6.03(d) (Vernon 2003).

For a dog owner to be criminally responsible for injuries inflicted by his or her dog, the owner must have been criminally negligent in failing to secure the dog. To support Taylor's conviction of the criminally negligent failure to secure his dog, the evidence must have shown that Taylor was aware of a substantial and unjustifiable risk that the failure to secure his dog could result in the dog making an unprovoked attack on another person, causing serious bodily injury to that person.

While the statute does not explicitly spell out the duty of a dog owner to secure his or her dog when away from the owner's home, car, or boat, a reasoned reading of the statute imposes such a duty in certain circumstances. Moreover, the imposition of such a duty is undergirded by the common law. In this regard, we are mindful of the change in the law since the *Billingslea* case was decided in 1989 (the court declined to adopt a duty of care from the common law). *Billingslea*, 780 S.W.2d at 276.

Section 6.01(c) of the Texas Penal Code establishes that a person who omits to perform an act does not commit an offense unless a law as defined by Section 1.07 provides that the omission is an offense or otherwise provides that he or she has a duty to perform the act. TEX. PENAL CODE ANN. § 6.01(c). Section 1.07(a)(30) of the Penal Code defines "Law" as "the constitution or a statute of this state or of the United States, a written opinion of a court of record, a municipal ordinance, an order of a county commissioners court, or a rule authorized by and lawfully adopted

7

under a statute." TEX. PENAL CODE ANN. § 1.07(a)(30) (Vernon Supp. 2009). This 1993 statutory amendment incorporating the law as defined in the Texas Penal Code plainly includes the common law—written opinions of a court of record.[7]

Under the common law, a dog owner has the general duty to exercise reasonable care to avoid foreseeable injury to others. *See Kehler v. Eudaly*, 933 S.W.2d 321, 330 (Tex. App.—Fort Worth 1996, writ denied). Whether the risk of injury from a dog bite is foreseeable depends in part on the owner's actual or constructive knowledge of the vicious propensities of the dog. *Dunnings v. Castro*, 881 S.W.2d 559, 564 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Gill v. Rosas*, 821 S.W.2d 689, 691 (Tex. App.—El Paso 1991, no writ). The common law also recognizes that the owner of a domestic animal should realize that even ordinarily gentle animals are likely to be dangerous under particular circumstances and should exercise reasonable care to prevent foreseeable harm. *Dunnings*, 881 S.W.2d at 562.

Section 822.005(a) requires a dog owner to secure its dog under certain circumstances. This duty also exists in the common law, as a consequence of the general duty of a dog owner to exercise reasonable care to avoid foreseeable injury to others. However, it is only when a dog owner acts with *criminal negligence* in failing to secure his or her dog, and the dog causes serious bodily injury to another (while not on the owner's property) can the owner be called to account

---

[7]The Legislature's 1993 amendment to Section 6.01(c) of the Texas Penal Code expanded *Billingslea* to allow common-law duties to form the basis for criminal prosecution. *Zascavage*, 216 S.W.3d at 497; *see* Act of Feb. 18, 1993, 73rd Leg., R.S., ch. 3, § 1, 1993 Tex. Gen. Laws 10.

under Section 822.005(a) of the Texas Health & Safety Code.   TEX. HEALTH & SAFETY CODE ANN. § 822.005(a) (Vernon 2010).

We presume the Legislature acted in a constitutionally sound fashion in drafting this section of the statute, and find no evidence to the contrary.   Section 822.005(a) defines criminal conduct with sufficient definiteness that ordinary people can understand what conduct is prohibited.   We find this section of the statute to be constitutional.

We reverse the order quashing the indictment and remand this cause to the trial court for further proceedings consistent with this opinion.


Josh R. Morriss, III
Chief Justice

Date Submitted:        July 6, 2010
Date Decided:          July 23, 2010

Publish