COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-126-CR

 

 

THE STATE OF TEXAS                                                                STATE

 

                                                   V.

 

CHARLES ZASCAVAGE                                                           APPELLEE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








 Appellee Charles Zascavage was charged with
four counts of hazing pursuant to section 37.152(a)(3) of the education
code.  The indictment alleged that
appellant violated section 37.152(a)(3) by recklessly permitting hazing to
occur by failing to supervise students whom he had a duty to supervise pursuant
to the educator-student relationship.  On
April 4, 2006, the trial court dismissed the indictment, finding that section
37.152(a)(3) was unconstitutional, and the State appealed.  We affirm. 


II.  Background Facts

Because appellee challenged
the constitutionality of section 37.152(a)(3) both facially and as applied to
him, a brief review of the facts is in order. 
On August 27, 2005, the Flower Mound High School Wrestling Booster Club
sponsored a party for the wrestling team. 
To notify student wrestlers about the party, the Booster Club
distributed fliers at Flower Mound High School, but did not gain authorization
or support from the school administrators or the Lewisville Independent School
District.  

The party occurred on a
Saturday evening at Jeffrey Stamm=s home in Flower Mound and was attended by Stamm, Stamm=s wife, Stamm=s children,
appellee, Booster Club members, and parents of student wrestlers.  Additionally, seventy percent of the
73-member wrestling team attended the party. 
Only sixty percent of the freshman members attended.  During the party, several student wrestlers
slapped or struck other student wrestlers to initiate them into the wrestling
team.  The facts are unclear whether any
adult present at the party, including appellee, witnessed the hazing.     

 

 








III.  Constitutionality of Section 37.152(a)(3)

 

 A person violates section 37.152(a)(3) if he Arecklessly permits hazing to occur.@  Tex. Educ. Code Ann. ' 37.152(a)(3) (Vernon 2006). 
Hazing is any intentional or reckless act, occurring on or off the
campus of an educational institution, by one person acting alone or acting with
others, directed against a student, that endangers the mental or physical health
or safety of a student for the purpose of pledging or being initiated into an
organization.  Id. ' 37.151(6).  

A.  Appellee=s Facial Challenge

Generally, the clarity or
vagueness of a criminal statute depends on whether the statute provides
sufficient notice of a particular charge to a particular defendant.  See Billingslea v. State, 780 S.W.2d
271, 275-76 (Tex. Crim. App. 1989).  To
pass a vagueness challenge, a criminal statute must give a person of ordinary
intelligence a reasonable opportunity to know what is prohibited.  Long v. State, 931 S.W.2d 285, 287
(Tex. Crim. App. 1996).  

As a matter of fundamental
due process, notice of an offense must rest upon a specific statute.  Billingslea, 780 S.W.2d at 275.  As the Billingslea court emphasized, 








[s]ince
the days of the Republic and early statehood, Texas courts have been prohibited
from allowing common law duties to form the basis of criminal sanctions.  That longstanding prohibition is specifically
embodied in our Penal Code, which provides that Aconduct
does not constitute an offense unless it is defined as an offense by statute,
municipal ordinance, . . . or rule authorized by and lawfully adopted under a
statute.@

 

Id. (citations
omitted) (citing Tex. Penal Code Ann.
' 1.03(a) (Vernon 2003)). 
Therefore, the vagueness doctrine recognized in Billingslea and
embodied by section 1.03(a) requires statutory notice that certain conduct has
been criminalized.  Tex. Penal Code Ann. ' 1.03(a); Billingslea, 780 S.W.2d at 275.     Section
6.01(c) of the penal code establishes that a person who omits to perform an act
does not commit an offense unless section 1.07 provides that the omission is an
offense or otherwise provides that he has a duty to perform the act.  Tex.
Penal Code Ann. ' 6.01(c)
(Vernon 2003).  The duty to act may be
contained within the same statute that proscribes the offense or within a
corresponding statute.  See
Billingslea, 780 S.W.2d at 274-75. 
Further, the legislature=s 1993 amendment to section 6.01(c) of the penal code expanded Billingslea
to allow common law duties to form the basis for criminal prosecution.  See Act of February 8, 1993, 73d Leg.,
R.S., ch. 3, ' 1, 1993
Tex. Gen. Laws 10.








However, penal provisions
which criminalize a failure to act without informing those subject to
prosecution that they must perform a duty to avoid punishment are
unconstitutionally vague.  Billingslea,
780 S.W.2d at 276.  Further, statutes
that impose duties on Aevery living
person in the universe@ as opposed
to specific classes of entities fail to inform those who could potentially be
subject to prosecution.  See State v.
Guevara, 137 S.W.3d 55, 57 (Tex. Crim. App. 2004).  

Here, section 37.152(a)(3) of
the education code fails to identify any person or class of persons upon whom a
duty to act, whether statutory or otherwise, is imposed; instead, it simply imposes
a duty on every living person in the universe to prevent hazing. Tex. Educ. Code Ann. ' 37.152(a)(3). Consistent with Billingslea, such a statutory
construction fails to stand up to a vagueness challenge, and is therefore
facially unconstitutional.  Billingslea,
780 S.W.2d at 276.













The State uses section
22.0511 of the education code, section 9.62 of the penal code, and several
civil cases[1]
in its assertion that appellee had a duty to prevent the hazing pursuant to the
student-teacher relationship.  However,
section 22.0511 of the education code only provides an educator with immunity
from civil liability for acts committed within the scope of employment.  Tex.
Educ. Code Ann. ' 22.0511
(Vernon 2006).[2]  The wording of this statute is insufficient
to imply or mandate a general duty of supervision for educators at all times
under any circumstances.  Similarly,
section 9.62 of the penal code merely excludes criminal responsibility for an
educator who uses justified force against a student.[3]  Tex.
Penal Code Ann. ' 9.62
(Vernon 2003).  Although the title of
section 9.62 implies application to the educator-student relationship, the text
broadly covers anyone entrusted with care, supervision, or administration of
another person.    

The State uses the code
sections discussed above in conjunction with civil immunity cases to assert Athat teachers stand in loco parentis and that a school and its
employees have the duty to reasonably care for the well-being and safety of its
students.@  However, none of the State=s cases address the fundamental issue of whether an educator=s failure to supervise can form the basis for criminal
prosecution.  Instead, the State=s cases involve fact-specific applications of the immunity provisions
in section 22.0511, and stand for the proposition that educators may stand in
loco parentis to a student, and thereby enjoy immunity from civil
liability.  The State=s link from section 22.0511 of the education code and section 9.62 of
the penal code to section 37.152(a)(3) of the education code is simply too much
of a stretch to give persons of ordinary intelligence a reasonable opportunity
to know that they have a duty to supervise students.  See Long, 931 S.W.2d at 287.  








Further, several federal
circuit courts have addressed the question of whether teachers and schools have
special common law duties to protect students from harm caused by third
parties.  The decisions to date hold that
attendance at a public school is not sufficient to create a special
relationship between the student and the State that requires the State to
protect the student from third parties.[4]   

B.  Appellee=s AAs
Applied@
Challenge

 








The State asserts that
appellee violated the hazing statute because he did not comply with his duty of
care for the students= well-being
and safety by failing to control their behavior at a team party.  However, while educators can stand in loco
parentis under immunity cases, it is unclear whether they can be criminally
punished for failing to prevent hazing. 
It is also unclear whether appellee, as a wrestling coach, is an Aeducator.@  For these reasons, section 37.152(a)(3) of
the education code is unconstitutional as applied to appellee.         Further,
even assuming that educators have a duty to prevent hazing under section
37.152(a)(3) of the education code, and that appellee is an educator, no
statutory or common law authority supports the argument that an educator stands
in loco parentis under the present circumstances.  Here, appellee, student wrestlers, parents,
and members of the Booster Club attended a party on a Saturday at a private
residence.  The party was not sponsored
by Flower Mound High School, attendance by the student wrestlers was not
mandatory, and many of the students= parents attended.  Even if
appellee is an educator under these circumstances, he assumed neither actual
care nor custody of the students because the party was not mandatory, and the
students= parents were not excluded from attending.  See Coons-Anderson v. Anderson, 104
S.W.3d 630, 635-36 (Tex. App.CDallas 2003, no pet.) (holding that the requisites for in loco
parentis status are the actual care and custody of a child by a non-parent
who assumes parental duties because the parentBgenerally due to his or her absenceBis unable or unwilling to care for the child).  Accordingly, even if section 37.152(a)(3)
applies to appellee, he did not have a duty under these circumstances to
prevent hazing.    

IV.  Conclusion

 

We hold that section
37.152(a)(3) of the education code is unconstitutional on its face and as
applied to appellee.  Accordingly, we
affirm the trial court=s dismissal
of the indictment.         

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

PUBLISH

 

DELIVERED:
January 18, 2007











[1]Johnson
v. Calhoun County ISD, 943 S.W.2d 496 (Tex. App.CCorpus
Christi 1997, writ denied); Univ. Preparatory Sch. v. Huitt, 941 S.W.2d
177 (Tex. App.CCorpus
Christi 1996, writ denied); Spacek v. Charles, 928 S.W.2d 88 (Tex. App.CHouston
[14th Dist.] 1996, writ dism=d w.o.j.); Pierson v.
Houston ISD, 698 S.W.2d 377 (Tex. App.CHouston [14th Dist.] 1985,
writ ref=d
n.r.e.); McManus v. Anahauc ISD, 667 S.W.2d 275 (Tex. App.CHouston
[1st Dist.] 1984, no writ); Hogenson v. Williams, 542 S.W.2d 456 (Tex.
App.CTexarkana
1976, no writ).   





[2]Section
22.0511 of the education code provides:

 

(a) A professional employee of a school district is not personally
liable for any act that is incident to or within the scope of the duties of the
employee=s
position of employment and that involves the exercise of judgment or discretion
on the part of the employee, except in circumstances in which a professional
employee uses excessive force in the discipline of students or negligence
resulting in bodily injury to students.  

 

Tex.
Educ. Code Ann. ' 22.0511.





[3]Section
9.62 of the penal code is entitled AEducator-Student@ and
provides: 

 

The
use of force, but not deadly force, against a person is justified:

(1) if the actor is entrusted with the care, supervision, or
administration of the person for a special purpose; and

(2) when and to the degree the actor reasonably believes the force is
necessary to further the special purpose or to maintain discipline in a group.

 

Tex. Penal Code Ann. '
9.62.





[4]Graham
v. Indep. Sch. Dist. No. I-89, 22 F.3d 991, 993 (10th Cir.
1994); Dorothy J. v. Little Rock Sch. Dist., 7 F.3d 729, 732 (8th Cir.
1993); D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364,
1368-73 (3rd Cir. 1992), cert. denied, 506 U.S. 1079 (1993); J.O. v.
Alton Cmty. Unit Sch. Dist. 11, 909 F.2d 267, 272 (7th Cir. 1990).