

# NUMBER 13-18-00366-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

LEONARD ALVAREZ, INDIVIDUALLY
AND AS NEXT FRIEND OF CASEY
ALVAREZ, MINOR CHILD,                                    Appellant,

v.

BROOKE R. SALAZAR-DAVIS,
INDIVIDUALLY, AND IKE DAVIS JR.,
INDIVIDUALLY AND AS NEXT FRIEND
OF GABRIEL DAVIS, MINOR CHILD,                           Appellees.

## On appeal from the 24th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

We issued a memorandum opinion in this case on August 8, 2019, affirming in part and reversing and remanding in part the trial court's judgment. The Davises, appellees, subsequently filed a motion for rehearing. Without changing our previous disposition, we deny the motion for rehearing, withdraw our earlier memorandum opinion and associated judgment, and issue this substitute opinion and judgment in their place.

Appellant Leonard Alvarez, individually and as next friend of his son, Casey Alvarez, appeals from a summary judgment granted in favor of appellees Brooke R. Salazar-Davis, individually, and Ike Davis Jr., individually and as next friend of his son Gabriel Davis. By one issue, Alvarez argues the trial court erred when it granted appellees' hybrid motion for summary judgment as to Alvarez's claim for (1) premises liability and (2) negligence. We affirm in part and reverse and remand in part.

## I.    BACKGROUND

On November 15, 2015, Alvarez and his five-year-old son Casey visited the residence owned by Salazar-Davis and Davis (the Davises) in Victoria, Texas. The Davises invited guests over, including Alvarez, to watch a pay-per-view fight on TV, and their children were also present at the residence. In the backyard, the Davises had a campfire burning. Alvarez alleges that Ike told him the campfire would be supervised by an adult; Ike claims this never happened. According to Alvarez, he and the Davises were inside the garage watching the fight while Casey and Gabriel played outside the garage. In his second amended petition, Alvarez alleges that, approximately thirty minutes after they arrived, Casey ran into the garage screaming because Gabriel, the Davises' four-year-old son, "flung hot smoldering ashes in the direction of" Casey, which caused Casey "to suffer severe burn injuries to various parts of his body."

2

Alvarez brought suit against the Davises on theories of premises liability and negligence. Specifically, Alvarez argued in his second amended petition the Davises were each liable because: (1) they were "negligent in creating a condition which posed an unreasonable risk of harm, to wit, an open fire and hot coals and hot ashes in a pit on [their] premises, that was not supervised, not attended, not extinguished after use, nor covered, nor barricaded;" and (2) they were negligent in the supervision of their son.

In his deposition testimony, Alvarez was asked "how did Casey get hurt?" and he responded:

> My son told me that him and another kid were standing [next] to a fire. He told me that the little boy had a shovel and that the little boy was poking at the fire. My son told me that he asked the boy to stop playing with the fire or poking at the fire with the shovel. And the little boy just swung the shovel, and the coals just flew on top of my son's neck area.

Later in his deposition, Alvarez clarified that the "little boy" referenced was Gabriel. In the Davises' deposition testimony, they both stated that Gabriel was in the garage with them when Casey suffered the injuries.

The Davises filed a hybrid motion for traditional and no evidence summary judgment and attached the deposition testimony of Alvarez, the Davises, and Brooke's father. Alvarez filed a response in opposition and included an affidavit by Miguel C. Almaguer, M.D. After a hearing, the trial court granted appellees' motion. Alvarez filed a motion for new trial, which was denied by written order. This appeal followed.

## II. DISCUSSION

By his sole issue, Alvarez argues that the trial court erred when it granted summary judgment in favor of the Davises.

3

## A. Standard of Review

We review the grant of summary judgment de novo. *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771–72 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (op. on reh'g). A motion for summary judgment may be brought on no evidence or traditional grounds. *See* TEX. R. CIV. P. 166a(c), (i). We will affirm a summary judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150, 157 (Tex. 2004).

A motion for no-evidence summary judgment is equivalent to a motion for pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006); *Ortega*, 97 S.W.3d at 772. Such a motion should be granted if there is no evidence of at least one essential element of the claimant's cause of action. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). The burden of producing evidence is entirely on the non-movant; the movant has no burden to attach any evidence to the motion, and if the non-movant produces evidence raising a genuine issue of material fact, summary judgment is improper. *See* TEX. R. CIV. P. 166a(i). All that is required of the non-movant is to produce a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003); *Ortega*, 97 S.W.3d at 772. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion of a fact.'" *Ortega*, 97 S.W.3d at 772 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)); *see Forbes*, 124 S.W.3d at 172. Conversely, more than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *Forbes*, 124 S.W.3d at 172; *Ortega*, 97 S.W.3d at 772 (citing *Transp. Ins.*

4

*Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)).  We review the evidence presented by the motion and response in the light most favorable to the non-movant, crediting such evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not.  *Tamez*, 206 S.W.3d at 582; *see City of Keller v. Wilson*, 168 S.W.3d 802, 825, 827 (Tex. 2005).

When reviewing a traditional motion for summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *see Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).  The movant bears the burden of proof, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  *See Sw. Elec. Power Co.*, 73 S.W.3d at 215.  We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

**B.    Premises Liability**

Premises liability is a special form of negligence in which the premises owner's duty is generally determined by the plaintiff's status as an invitee, licensee, or trespasser. *Taylor v. Louis*, 349 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2011, no pet.).  A possessor of land owes the highest duty of care to an invitee, the next highest duty of care to a licensee, and the lowest duty of care to a trespasser.  *See Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 660 (Tex. 1999) (plurality op.) (Enoch, J., concurring).  A licensee is a person who enters the premises with the possessor's express or implied permission, but only for the licensee's convenience or on business for someone other than the

5

possessor.  *Knorpp v. Hale*, 981 S.W.2d 469, 471 (Tex. App.—Texarkana 1998, no pet.). The difference between a licensee and an invitee is that an invitee is on the premises for the mutual benefit of herself and the possessor, while a licensee is there only for her own purposes, not because of any business dealings with the possessor.  *Mayer v. Willowbrook Plaza L.P.*, 278 S.W.3d 901, 910 (Tex. App.—Houston [14th Dist.] 2009, no pet.).  Under a premises liability theory, the duty owed to a licensee is not to injure the licensee willfully, wantonly, or through gross negligent conduct.  *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) (op. on reh'g); *Almanza v. Navar*, 225 S.W.3d 14, 21 (Tex. App.—El Paso 2005, no pet.).  When the possessor of the premises has actual knowledge of a dangerous condition and the licensee does not, the possessor owes a duty either to warn the licensee of the danger or to make the condition reasonably safe.  *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam); *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996) (per curiam).

Here, it is undisputed that Alvarez and his son were licensees.  The elements of a cause of action for premises liability brought by a licensee are:  (1) plaintiff was a licensee (2) defendant was a possessor of the premises, (3) a condition on the premises posed an unreasonable risk of harm, (4) the defendant had actual knowledge of the danger, (5) the plaintiff did not have actual knowledge of the danger, (6) the defendant breached its duty of ordinary care by both failing to adequately warn the plaintiff of the condition and failing to make the condition reasonably safe, and (7) the defendant's breach proximately caused the plaintiff's injury.  *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016); *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974); *County of Hidalgo v. Brown*, 79 S.W.3d 721, 727 & n.3 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.).

If the licensee has the same knowledge about the dangerous condition as the licensor, then no duty to the licensee exists. *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003) (per curiam).

We focus our attention on the element of the premises liability claim which provides that the licensee must lack actual knowledge of the dangerous condition for the claim to be viable. *See Sampson*, 500 S.W.3d at 391; *Wal-Mart Stores*, 102 S.W.3d at 709.

In response to the Davises' hybrid motion, Alvarez acknowledged that he "knew there was an open campfire on their premises" and that he admitted "in his deposition testimony that yes, he knew about the campfire." However, Alvarez argued that the Davises were liable under a premises liability theory because the risk created by the campfire was not open and obvious—i.e., that Alvarez did not have actual knowledge of the danger—because the fire "was not supervised" and "not attended."[1] In other words, Alvarez argues that the lack of supervision is what made the campfire an unreasonably dangerous condition and that Alvarez did not have actual knowledge of the danger because he was informed the fire would be supervised.[2] Alvarez's argument is misplaced.

---

[1] Alvarez makes the same argument on appeal.

[2] In his response to the Davises' hybrid motion for summary judgment, Alvarez argued:

> While an open campfire is . . . open and obvious, [the Davises] failed to warn [Alvarez] that absolutely no one, not the [Davises] nor any other adult would be attending or supervising the campfire or that while this campfire was unattended, the [Davises] would not be supervising their own children.

In his appellate brief, Alvarez argues:

> The Davises claimed in their motion for summary judgment that they had no duty to warn party-goers of the campfire because it was open and obvious. However, [Casey's] injuries were not caused by the mere fact of a campfire, they were caused by an unattended campfire—which was not "open and obvious."

7

Under Texas law, a person injured on another's property has two potential causes of action against the owner of the property: (1) a negligence claim for negligent activity on the premises, or (2) a premises liability claim for an unreasonably dangerous condition on the premises. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Although both theories are based on negligence principles, they are independent theories that require different elements of proof. *Clayton W. Williams Jr., Inc. v. Olivo,* 952 S.W.2d 523, 527 (Tex. 1997); *see Taylor*, 349 S.W.3d at 733. "Negligent-activity and premises liability claims 'involve closely related but distinct duty analyses.'" *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (quoting *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). "Underpinning the distinctions between these claims is the principle that 'negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe.'" *Id.* (quoting *Del Lago Partners v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). In other words, the plaintiff's injury in a negligent activity claim must be the result of a contemporaneous activity rather than a condition created by the activity. *Sampson*, 500 S.W.3d at 388; *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Keetch*, 845 S.W.2d at 264. When the injury is the result of a condition of the premises, the injured party can recover only under a premises liability theory. *Brooks v. PRH Invs.*, 303 S.W.3d 920, 923 (Tex. App.—Texarkana 2010, no pet.); *Haney v. Jerry's GM Ltd.*, 346 S.W.3d 597, 600 (Tex. App.—El Paso 2009, no pet.).

The malfeasance Alvarez complained of in regard to his premises liability claim was the lack of supervision of the campfire and the child by the Davises. However, this

8

Court has previously concluded that failure to supervise is a negligent activity theory, not a premises liability theory. *Univ. Preparatory Sch. v. Huitt*, 941 S.W.2d 177, 181 (Tex. App.—Corpus Christi–Edinburg 1996, writ denied) (concluding that plaintiff's claim for injuries suffered due to school's contemporaneous failure to supervise the pool was a negligent activity theory, not a premises liability theory). Thus, to the extent Alvarez's premises liability claim is based on the Davises' alleged failure to supervise the campfire or the child, the Davises were entitled to judgment as a matter of law on this claim. *See* TEX. R. CIV. P. 166a(c). And to the extent Alvarez's premises liability claim is based on the dangerous condition of the campfire, we conclude the trial court properly granted no evidence summary judgment because Alvarez failed to present any evidence that he lacked actual knowledge of the condition. *See Sampson*, 500 S.W.3d at 391; *Tennison*, 509 S.W.2d at 562; *Brown*, 79 S.W.3d at 727 & n.3.

We conclude the trial court did not err when it granted summary judgment to the Davises as to Alvarez's premises liability claim.

## C. Negligent Activity for Failure to Supervise Child

Alvarez also argues the trial court erred when it granted summary judgment on his claim for negligence against the Davises for a failure to supervise Gabriel.[3]

As noted, negligence and premises liability claims are separate and distinct theories of recovery that require a plaintiff to prove different, albeit similar, elements to secure judgment in their favor. *United Scaffolding*, 537 S.W.3d at 471. And, a person

---

[3] To the extent Alvarez brought a claim for negligent activity for failure to supervise the campfire, we note that Alvarez presents no argument or issue on appeal contending that the trial court erred if it granted summary judgment on such a theory. Accordingly, we conclude that review of the trial court's summary judgment in favor of the Davises concerning a negligent-activity claim for failure to supervise the campfire has been waived. *See* TEX. R. APP. P. 38.1; *see also In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 78 (Tex. 2007) (orig. proceeding) (per curiam).

injured on another's property may have either a negligence or a premises liability claim against the property owner. *Id.*; *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). Negligent activity is based on a general negligence theory.[4] *See United Scaffolding*, 537 S.W.3d at 471 ("Generally, a plaintiff need only submit a general-negligence question in support of its claim for a defendant's liability under a negligent activity theory."); *Occidental Chem. Corp.*, 478 S.W.3d at 644 ("When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply."); *State v. San Miguel*, 981 S.W.2d 342, 347–48 (Tex. App.—Houston [14th Dist.] 1998), *rev'd on other grounds*, 2 S.W.3d 249 (Tex. 1999). In a negligent-activity case, the plaintiff's injury is caused by affirmative, contemporaneous conduct of the defendant. *Del Lago Partners*, 307 S.W.3d at 776. Failure to supervise is a negligent-activity theory. *Univ. Preparatory Sch.*, 941 S.W.2d at 181.

Here, Alvarez argued in his second amended petition that each of the Davises failed to "train, educate, instruct, supervise and control" their child and that these failures allowed their child to injure Casey with hot coals and ashes from the fire. Alvarez also argued that "knowing that [Gabriel] was not trained, educated or instructed regarding the danger of fire, hot coals and hot ashes, [the Davises were] negligent in allowing [Gabriel] to remain unsupervised in the vicinity of the fire" and that Gabriel "did not appreciate the potential danger." Accordingly, Alvarez properly pleaded a cause of action for negligent activity because he alleged Casey's injuries occurred as a result of the Davises'

---

[4] "Although premises liability is itself a branch of negligence law, it is a 'special form' with different elements that define a property owner or occupant's duty with respect to those who enter the property." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). Thus, negligence claims are easier to prove than premises-liability claims because premises-liability claims require proof of additional elements. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 385–86 (Tex. 2016).

affirmative, contemporaneous conduct of failing to supervise Gabriel. *See United Scaffolding*, 537 S.W.3d at 471; *Del Lago Partners*, 307 S.W.3d at 776; *Univ. Preparatory Sch.*, 941 S.W.2d at 181.

To prove negligence the plaintiff must show: (1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's injury. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Without a legal duty, a defendant cannot be held liable for negligence. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam). A duty is a legal obligation that requires the defendant to conform to a certain standard of conduct to protect others against unreasonable risks. *See Midwest Empls. Cas. Co. v. Harpole*, 293 S.W.3d 770, 776 (Tex. App.—San Antonio 2009, no pet.). A duty can arise either by statute or by common law. *See Graff v. Beard*, 858 S.W.2d 918, 919–20 (Tex. 1993).

### 1. Duty

"As a general rule, the plaintiff must establish the existence of a duty; the burden is not on the defendant to show that it had no duty." *Humble Sand*, 146 S.W.3d at 182. "The existence of a duty is a question of law when all the essential facts are undisputed, but when the evidence does not conclusively establish the pertinent facts or the reasonable inferences to be drawn therefrom, the question becomes one of fact for the jury." *Sanders*, 217 S.W.3d at 15 (quoting *Mitchell v. Mo.–Kan., Tex. R.R. Co.*, 786 S.W.2d 659, 662 (Tex. 1990)); *Morris v. Tex. Parks & Wildlife Dep't*, 226 S.W.3d 720, 728–29 & n.9 (Tex. App.—Corpus Christi–Edinburg 2007, no pet.). In a summary judgment proceeding, if the facts support the imposition of a duty when viewed in the best

light for the non-movant, summary judgment for the movant based on a claim of no duty is inappropriate. *Id.*

In Texas, minors are generally civilly responsible for their own torts. *Newkumet v. Allen*, 230 S.W.3d 518, 521 (Tex. App.—Eastland 2007, no pet.); *Sanders v. Herold*, 217 S.W.3d 11, 15 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Bailey v. C.S.*, 12 S.W.3d 159, 162–63 (Tex. App.—Dallas 2000, no pet). However, a parent may owe a duty to a third party and be liable for the torts of a minor child "if the parent negligently allows his child to act in a manner likely to harm another, if he gives his child a dangerous instrumentality, or if he does not restrain a child known to have dangerous tendencies."[5] *Prather v. Brandt*, 981 S.W.2d 801, 806–07 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *see Sanders*, 217 S.W.3d at 15; *Rodriguez*, 902 S.W.2d at 42. A parent's duty to protect third parties from his child's acts depends on whether the injury to the third party is foreseeable. *Prather*, 981 S.W.2d at 807; *Rodriguez*, 902 S.W.2d at 43. Foreseeability is evaluated by looking at the parent's knowledge of, or consent to, or participation in the child's activity. *Isbell*, 983 S.W.2d at 339; *Prather*, 981 S.W.2d at 807; *Rodriguez*, 902 S.W.2d at 43. Actual knowledge of the child's activities is not required if the parent should, under the circumstances, reasonably anticipate the consequences of his or her actions. *Isbell*, 983 S.W.2d at 339; *Rodriguez*, 902 S.W.2d at 42. Parental anticipation of danger is necessary to establish liability. *Isbell*, 983 S.W.2d at 339; *Rodriguez*, 902 S.W.2d at 42.

---

[5] Alvarez points to § 151.001(a)(2) of the Texas Family Code in support of his proposition that the Davises owed a duty to supervise their child and that this duty extends to third parties. This section of the family code, in pertinent part, states: "A parent of a child has . . . the duty of care, control, protection, and reasonable discipline of the child." TEX. FAM. CODE ANN. § 151.001(a)(2). Contrary to Alvarez's argument, this section of the family code is limited to the parent-child relationship and does not establish a duty for the benefit of third parties. *See Rodriguez v. Spencer*, 902 S.W.2d 37, 40–41 (Tex. App.—Houston [1st Dist.] 1995, no writ).

12

In his response to the Davises' hybrid motion for summary judgment, Alvarez argued that: "A reasonably prudent person would also probably know that if a young child starts playing around and poking at a campfire, there is a likelihood that a child is going to get hurt"; "A reasonably prudent person would not allow young, children free access to an unattended campfire, anymore than would a reasonably prudent person allow young, unsupervised children alone in a room with an unlocked and loaded shotgun"; "Defendants also knew that there were young children present, playing freely and unsupervised"; and "It was reasonably foreseeable that someone was going to get hurt from that campfire that no one was watching." In sum, Alvarez argued that the Davises allowed Gabriel to play unsupervised near an unbarricaded campfire and that they should have anticipated the danger this could pose. Alvarez's deposition testimony, as well as the Davises' deposition testimony, provided support for this allegation. Thus, there was evidence that the Davises had knowledge or consented to Gabriel's activities, which Alvarez alleges caused Casey's injuries. *See Isbell*, 983 S.W.2d at 339; *Prather*, 981 S.W.2d at 807; *Rodriguez*, 902 S.W.2d at 43. However, the Davises disputed whether Gabriel was near the fire and near Casey when Casey sustained the injuries—in their deposition, the Davises state that Gabriel was in the garage with them when Casey was injured. This raised an issue of fact as to the Davises' knowledge or consent to Gabriel's activities and whether the injury to Casey was foreseeable. *See Sanders*, 217 S.W.3d at 15; *Prather*, 981 S.W.2d at 807; *Rodriguez*, 902 S.W.2d at 43. Viewing the facts in the best light for Alvarez, we conclude there is a fact question as to whether the Davises owed a duty to Casey and, therefore, summary judgment on a basis of no duty was

13

inappropriate.[6]  *See Sanders*, 217 S.W.3d at 15; *Isbell*, 983 S.W.2d at 339; *Rodriguez*, 902 S.W.2d at 42.

## 2. Breach of Duty

To prove an action for negligence, the plaintiff must also establish the defendant breached its legal duty.  *Nabors Drilling*, 288 S.W.3d at 404.  In most circumstances, a defendant will be held to the standard of "ordinary care."  *See Great Atl. & Pac. Tea Co. v. Evans*, 175 S.W.2d 249, 250–51 (Tex. 1943).  Courts have held that the concept of ordinary care is so elastic that it can meet all emergencies, and the amount of care to be applied will depend on the circumstances presented.  *See Prather*, 981 S.W.2d at 811; *Wendell v. Cent. Power & Light Co.*, 677 S.W.2d 610, 620 (Tex. App.—Corpus Christi–Edinburg 1984, writ ref'd n.r.e.).  The question of whether a defendant acted with ordinary care is a question of fact for the jury.  *Caldwell v. Curioni*, 125 S.W.3d 784, 793 (Tex. App.—Dallas 2004, pet. denied); *see Brown v. Goldstein*, 685 S.W.2d 640, 641–42 (Tex. 1985); *Borden, Inc. v. Price*, 939 S.W.2d 247, 251 (Tex. App.—Amarillo 1997, writ denied).  Alvarez alleged the Davises breached a duty when they failed to supervise Gabriel while he was around an open and unbarricaded campfire.  Whether the Davises breached a duty by failing to act with ordinary care is a question of fact for the jury, and therefore, the trial court could not have properly granted summary judgment on the basis of no breach of duty.  *See Brown*, 685 S.W.2d at 641–42; *Caldwell*, 125 S.W.3d at 793.

---

[6] We note that a child under the age of five is incapable of committing negligence because the child is "incapable of exercising those qualities of attention, perception, knowledge, experience, intelligence, and judgment which [are] necessary to enable him [or her] to perceive the risk and to realize its unreasonable character."  *Yarborough v. Berner*, 467 S.W.2d 188, 190 (Tex. 1971).

### 3.    Proximate Cause

To prove an action for negligence, the plaintiff must establish the defendant's breach proximately caused the plaintiff's injury.  *Nabors Drilling*, 288 S.W.3d at 404. Proximate cause is usually a question of fact unless the evidence is undisputed and only one reasonable inference can be drawn.  *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 266 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  The components of proximate cause are (1) cause-in-fact and (2) foreseeability.  *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005); *HIS Cedars Treatment Ctr. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

Here, the Davises argue that there is no evidence that their failure to supervise Gabriel was the proximate cause of Casey's injuries because there is no evidence that Gabriel was anywhere near the fire at the time of the incident.  The Davises point to their deposition testimony in support of this contention; however, Alvarez stated in his deposition that Casey told him the day after the accident that Gabriel had flung hot coals towards him with a shovel.  Additionally, in response to the Davises' hybrid motion, Alvarez attached an affidavit from Enrique C. Almaguer, M.D.  In his affidavit, Dr. Almaguer states that he examined Casey's burns and the pictures from Casey's medical records from the hospital.  Dr. Almaguer noted that, in his opinion, it is "more likely than not, given the location, (the back of Casey's neck), and extent of Casey's burn injuries, [that] the causation of Casey's burn injuries are more consistent with someone flinging a shovel full of hot ashes/hot coals at [Casey] as he turned away from the fire."[7]  This

---

[7] The Davises objected to Dr. Almaguer's affidavit in the trial court because Dr. Almaguer "is not qualified to opine on causation, his methodology is not reliable, and his opinions are conclusory and unsupported."  The Davises make the same arguments on appeal; however, the record does not contain a ruling on their objection.  A "trial court's ruling on an objection to summary judgment evidence is not implicit

evidence raises a fact issue as to whether the Davises' alleged breach was the proximate cause of Casey's injuries. *See Ambrosio*, 20 S.W.3d at 266. Therefore, the trial court erred if it granted summary judgment on the basis that there was no evidence of proximate cause. *See* TEX. R. CIV. P. 166a(c).

### 4. Summary

The evidence is conflicted as to whether Casey was outside with Gabriel when Casey suffered his injuries. As a result, Alvarez raised a fact issue precluding summary judgment regarding his claim against the Davises for negligence arising out of their failure to supervise Gabriel. Therefore, the trial court erred when it granted summary judgment to the Davises on that claim.

We sustain Alvarez's second issue.

### III. CONCLUSION

We reverse the trial court's summary judgment as to Alvarez's claim against the Davises for the alleged negligence for their failure to supervise Gabriel. We affirm the remainder of the judgment and remand to the trial court for further proceedings consistent with this opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed the
24th day of October, 2019.

---

in its ruling on the motion for summary judgment; a ruling on the objection is simply not 'capable of being understood' from the ruling on the motion for summary judgment." *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 165–66 (Tex. 2018) (quoting *Well Sols. Inc. v. Stafford*, 32 S.W.3d 313, 316 (Tex. App.—San Antonio 2000, no pet.)). Here, the Davises never obtained a ruling on their objection to Dr. Almaguer's affidavit, and they never objected to the trial court's failure to rule. *See* TEX. R. APP. P. 33.1(a)(2); *Seim*, 551 S.W.3d at 165–66.

16